# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON ROBINSON, | : | |
| Plaintiff | : | NO. 1:16-CV-02222 |
| vs. | : | |
| BRIAN WHEARY, et al., | : | (Judge Rambo) |
| Defendants | : | |

## MEMORANDUM

### I. Background

On November 3, 2016, Plaintiff Jason Robinson, an inmate previously confined at the Northumberland County Prison in Pennsylvania, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) The defendants named in the complaint are the following: (1) Brian Wheary, (2) Roy Johnson, (3) James Smink, (4) Robert Wolfe, (5) Vinny Clausi, (6) Steven Bridy, (7) Richard Shock, (8) Ann Targonski, (9) Christopher Grayson, and (10) County of Northumberland. (Id.) Along with his complaint, Robinson submitted a motion for leave to proceed in forma pauperis and an authorization form. (Doc. Nos. 2 and 3.) On December 16, 2016, Defendants filed a motion to dismiss the complaint (Doc. No. 10) and brief in support. (Doc. No. 11.) Robinson filed a brief in opposition on January 3, 2017. (Doc. No. 13.)

Robinson alleges that Defendants caused the prison to be without window closures, hot or warm water, and cleaning products, all which exposed him to some

form of harm. (Doc. No. 1.) Robinson also alleges that Defendants failed to provide him with nutritionally adequate food, denied him adequate, sanitary or proper clothing and bedding, and denied him out of cell activity. (Id.)

For the reasons set forth below, Plaintiff's motion for leave to proceed <u>in forma pauperis</u> will be granted but his complaint will be dismissed and he will be granted an opportunity to submit an amended complaint.

## II.  Discussion

Because Plaintiff complains about prison conditions, the screening provisions, 28 U.S.C. § 1915(e)(2), of the Prison Litigation Reform Act ("PLRA") apply, given that Plaintiff is a prisoner proceeding <u>in forma pauperis</u>. The Court has an obligation to dismiss a complaint under the PLRA screening provisions "at any time the court determines" the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. <u>See, e.g.</u>, <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126 n. 6 (9th Cir. 2000); 28 U.S.C. § 1915(e)(2)(B). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless <u>sua sponte</u> rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. <u>See</u> <u>Lopez</u>, 203 F.3d 1122.

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right,

privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-581 (3d Cir. 2003); Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

A basic rule of pleading requires that a "district court . . . determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court is "not bound to accept as true a legal conclusion couched as a factual allegation.' " Iqbal, 556 U.S. at 678 (internal quotation marks omitted).

Robinson's complaint is completely conclusory and does not specify any conduct, wrongful or otherwise, of the named defendants. The following are the facts averred by Robinson in his complaint:

> 13. At all times, Defendants caused the Northumberland County Prison to be without window closures, exposing Plaintiff to freezing temperatures during the winter months.
> 14. At all times, Defendants caused the Northumberland County Prison to be without hot or warm water, exposing Plaintiff to the unhygienic conditions associated with being unable to properly bathe.
> 15. At all times, Defendants caused the Northumberland County Prison to be without cleaning products, exposing Plaintiff to the unhygienic conditions associated with being unable to maintain proper sanitary conditions.
> 16. At all times, Defendants failed to provide Plaintiff with nutritionally adequate food causing Plaintiff to experience significant weight loss.
> 17. At all times, Defendants denied Plaintiff adequate, sanitary, or proper clothing and bedding, exposing Plaintiff to unsanitary conditions and freezing temperatures.
> 18. From December 13, 2014 until January 13, 2015, Defendants denied Plaintiff out of cell activity....

(Doc. No. 1 at 3.) As relief, Robinson requests a declaratory judgment and monetary and punitive damages. (Id. at 4.)

While pro se parties are accorded substantial deference and liberality in federal court, Haines v. Kerner, 404 U.S. 519 (1972); Hughes v. Rowe, 449 U.S. 5 (1980), they are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2)

the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in §1983 cases, a §1983 complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the Court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer. A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

Under even the most liberal construction, Robinson's complaint is in violation of Rule 8. It does not give the defendants fair notice of what his claims are and the grounds upon which he rests. Even taking into account the fact that Robinson is proceeding pro se, his complaint is not in conformity with Rule 8 of the Federal Rules of Civil Procedure. Although brief and concise, it does not set forth in understandable terms what it is about which Robinson is complaining and against which defendant. Specifically, while the caption of the complaint names numerous individual defendants, it contains no well-pleaded factual averments relating to these specific defendants in the body of the complaint. This style of pleading is patently inadequate since it fails to allege facts that give rise to a plausible claim for

relief.  Hudson v. City of McKeesport, 241 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case).

Based upon the above legal standards, it is clear that any claims against the named defendants are subject to dismissal in that Robinson fails to set forth any factual allegations against them in the complaint.  There are no factual allegations with respect to where and when each defendant was involved in wrongdoing.  Without such factual allegations, it is impossible to conclude that defendants have deprived Robinson of any constitutional rights entitling him to damages.  As such, the present complaint will be dismissed pursuant to Rule 8, as well as,  28 U.S.C. § 1915(e)(2)(B)(ii) as Plaintiff fails to state a claim against the defendants upon which relief may be granted.

Although the complaint as filed fails to state a cause of action against any of the named defendants, it is possible that the deficiencies may be remedied by amendment.  Consequently, Robinson will be granted such opportunity.  Robinson is also advised that the amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the complaint already filed.  Such amended complaint should set forth his claims in short, concise and plain statements.  It should specify which actions are alleged as to which defendants.  If Robinson fails to file an amended complaint adhering to the standards set forth above, this case will be closed.

### III. Conclusion

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed in forma pauperis but will dismiss the complaint and allow Plaintiff an opportunity to submit an amended complaint. An appropriate order follows.

Date: May 17, 2017                                             S/Sylvia H. Rambo
                                                               United States District Judge